IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DONALD W. WHITEHEAD,** | **CIVIL ACTION NO.** |
| Plaintiff, | 5:08-CV-193-CAR-CWH |
| Vs. | |
| **HALE EDWARD BURNSIDE,** | |
| Defendant. | |

## RESTATED COMPLAINT

Plaintiff, Donald W. Whitehead ("Whitehead"), through his undersigned counsel, files this Restated Complaint, and shows the Court as follows:

### PLAINTIFF

1.

Plaintiff Whitehead was at all times relevant incarcerated in the Georgia Department of Corrections and was at all times relevant an inmate being at the Men's State Prison in Hardwick, Georgia which is within the Middle District of Georgia, Macon Division.

**DEFENDANT**

2.

The Defendant Hale Edward Burnside ("Burnside") was at all time relevant a medical doctor at Men's State Prison located in Hardwick, Georgia.  Said Defendant is subject to the jurisdiction of this Court.

**JURISDICTION**

3.

Jurisdiction for this action is pursuant to 28 U.S.C. § 1331 and arises under the Constitution of the United States and 42 U.S.C. § 1983, and there is pendant jurisdiction for the state action for medical malpractice.

**VENUE**

4.

Venue is proper pursuant to 28 U.S.C. § 1391 in the United States District Court for the Middle District of Georgia where at all times relevant the acts of the Defendant occurred giving rise to this cause of action at Men's State Prison located at in Hardwick, Georgia within the Middle District of Georgia. The Defendant resides and may be found and served in the Middle District of Georgia.

**PREREQUISITES TO FILING**

5.

Plaintiff is no longer incarcerated and there is no prerequisite to filing this action required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

## OPERATIVE FACTS

6.

On October 20, 2006 at approximately 8:30 PM at Men's State Prison Plaintiff's left knee cap was broken by hitting an iron bed railing. Plaintiff was carried to medical at the prison and then transported to the emergency room at Oconee Regional Hospital while being immobilized to avoid further injury to his knee.

7.

Upon arrival at emergency at Oconee Regional Hospital, the emergency room physician, Dr. Salvatore Dellacon, MD, ordered x-rays that disclosed the fracture of Plaintiff's left knee cap.

8.

The Plaintiff was returned to the prison without treatment for his broken knee cap.

9.

Before being transported back to the prison the emergency room physician ordered pain medicine for Plaintiff's severe pain in his left knee

and that had now spread to much of his left leg which was denied by Defendant Burnside leaving Plaintiff in excruciating pain.

10.

At the prison Defendant Burnside refused to see the Plaintiff leaving Plaintiff in constant pain unable to move from his bed in his dorm even for meals.

11.

On October 23, 2006 Plaintiff wrote Defendant Burnside a letter explaining his painful situation that he was in constant pain with no treatment or needed surgery that was verified by the emergency room physician. Finally on October 24, 2006 Plaintiff was called to medical where Defendant Burnside said, "I understand that you bumped your knee." Plaintiff replied, "You must be kidding because this thing is killing me." Plaintiff asked Defendant to please look at his leg that was swollen and bused black and blue from his hip to his toes. Defendant Burnside refused and told Plaintiff that he did not want to see his knee and further told him that he would make him an appointment in 2 or 3 months for a MRI in Augusta State Medical Prison "to see if anything needs to be done." Plaintiff responded that his knee and leg were killing me and needed immediate medical attention. Defendant Burnside's only response was to dismiss Plaintiff without seeing him or examining his knee and leg dismissing him

stating, "have a good day." Plaintiff sent Defendant several follow up letters and request for medical attention asking to please do something about his leg as he could no longer take the pain to which. Plaintiff received no response.

12.

Only after the Plaintiff's son complained to the Director's Office of Healthcare Services of the Georgia Department of Corrections in Atlanta did Plaintiff finally get to see an orthopedic surgeon on November 7, 2006 when he was seen by Dr. Clarence Fossier who had to operate and insert two screws in his knee and put a cast on his knee. Dr. Fossier was apologetic about the delay in treatment patting his cast and stating. "This is not the way we do it in the free world."

13.

Because of the delay in treatment of Plaintiff broken knee cap Plaintiff was in severe pain during and after final surgery and continued to suffer pain, permanent injury, and disability.

## CAUSE OF ACTION
## COUNT I – DELIBERATE INDIFFERENCE

14.

The actions of Defendant Dr. Burnside were deliberately indifferent to to the serious medical needs of Plaintiff after he was injured with a broken knee cap and in need of treatment and surgery as well as in severe pain for a sustained length of time.

15

Defendant Burnside's intentional acts and deliberate indifference for the serious medical needs of the Plaintiff directly and proximately caused the serious physical and mental injuries, pain and suffering, and disability of Plaintiff that were in violation of the United States Constitution and laws.

16.

Plaintiff brings this action against the Defendant Burnside in his individual capacity for damages who under color of law have caused or have been deliberately indifferent to the serious medical needs of the Plaintiff and resulting damages in violation of the Constitution and laws of the United States.

17.

Defendant Burnside in his individual capacitiy knew or should have known that his intentional actions and deliberate indifference would cause substantial risk of serious harm and pain to Plaintiff in violation of the Constitution and laws of the United States. The actions of the Defendant under color of law violated clearly established constitutional rights of which he knew or a reasonable physician would have known.

18.

The Plaintiff is entitled to recover damages as provided by law from the Defendant Burnside in his individual capacity in compensation for the

physical and mental injuries, pain and suffering, and mental anguish, and disability that he has suffered because of intentional actions and deliberate indifference of the Defendant.

19.

The actions of the Defendant were intentional, reckless, and vindictive, entitling the Plaintiff to an appropriate award of punitive and exemplary damages.

## COUNT II – PENDANT STATE ACTION
## FOR MEDICAL MALPRACTICE

20.

Plaintiff incorporates paragraphs 13 through 19 as if set out in this court II.

21.

Defendant Burnside was negligent and exhibited a complete disregard and want of medical care and treatment in not exercising that degree of skill and care which under similar conditions and like surrounding circumstances is ordinarily employed by physicians generally in the care and treatment of patients exhibiting symptoms similar to Plaintiff.

22.

Defendant Burnside deviated from the standards of care applicable to Plaintiff's care and treatment by failing to properly address, diagnose, and

treat Plaintiff broken knee cap while he was in the care of the Defendant Burnside in Men's State Prison.

23.

The deviation of standards of care by Defendant Burnside was the proximate cause of Plaintiff's pain and suffering, permanent injury and disability that could have been prevented by timely medical intervention.

24.

Pursuant to O.C.G.A. § 9-11-9.1 the declarations of Dr. William S. Thompson, M.D., are attached hereto as Exhibit A and is incorporated herein. The declarations set forth that Defendant Burnside was negligent in medical care and treatment of Plaintiff and that his actions and deliberate indifference constituted medical malpractice. The declarations of Dr. Thompson may not be inclusive of each negligent act, error, or omission concerning the medical care and treatment of Plaintiff and Plaintiff reserves the right to contend and prove additional negligent acts, errors and omissions.

25.

The Plaintiff Whitehead is entitled to recover damages as provided by law from the Defendant Burnside in compensation for the pain and suffering, permanent injury, and disability of Plaintiff because of the negligence and medical malpractice of the Defendant.

26.

Said negligence acts and omissions by Defendant Burnside are clear and palpable medical malpractice under Georgia law.

27.

The Defendant's conduct and omissions complained of herein were done with entire want of care and deliberate indifference, so as to raise the presumption of the Defendant's conscious indifference to the consequences of his acts, conducts and omissions to entitle Plaintiff to reasonable and bad faith attorneys' fees, necessary expenses and expenses of litigation in bringing this action plus exemplary or punitive damages in the maximum amount provided by law.

WHEREFORE, the Plaintiff prays that the Court grant the relief to which he is entitled in this proceeding, including:

(1)	That the Plaintiff be awarded compensatory damages, against the Defendant Burnside in his individual capacity for the intentional actions and deliberate indifference to the serious medical needs of the Plaintiff Whitehead which was the proximate cause of the Plaintiff pain and suffering, permanent disability in violation of the Constitution and laws of the United States.

(2)   That the Plaintiff be awarded compensatory damages, against the Defendant. Burnside for his negligence and medical malpractice to serious medical needs to the injuries, pain and suffering of the Plaintiff and Plaintiff's resulting pain and suffering, physical injuries, and disability.

(3)   That the Plaintiff be awarded the maximum punitive damages as allowed by law against the Defendants in their individual capacities;

(4)   That the Court award attorney's fees and the costs of this action;

(5)   That the Court award such other relief as may be proper:

(6)   That this case be tried by jury.

This 17th day of July, 2009.

                                                   S/McNeill Stokes
McNeill Stokes
Georgia Bar Number 683600
Attorney for Plaintiff

1040 Peachtree Battle Ave.
Atlanta, Georgia 30327
Telephone 404-352-2144
Fax 404-367-0353

                                                   S/ Robert W. Cullen
Robert W. Cullen
Georgia Bar No. 200338
Attorney for Plaintiff

1401 Peachtree Street, NE
Suite 500
Atlanta, Georgia 30309
Telephone: 404-210-5713
Facsimile: 404-870-3501

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on the date listed below that a copy of the foregoing Restated Complaint was filed using the electronic filing system that will automatically send copies to all attorneys of record including: Tina Piper.

This 17th day of July, 2009.

*S/McNeill Stokes*
McNeill Stokes
Georgia Bar No. 683600

1040 Peachtree Battle Ave.
Atlanta, Georgia 30327
Telephone: 404-352-2144
Facsimile: 404-367-0353
E-mail: mcstokes@bellsouth.net