IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DONALD W. WHITEHEAD,<br><br>                Plaintiff<br><br>VS.<br><br>EDWARD H. BURNSIDE,<br><br>                Defendant | NO. 5: 08-CV-193 (CAR)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Before the court is a Motion for Summary Judgment filed by defendant Dr. Edward H. Burnside. Tab #41. Defendant Burnside incorporates his arguments and evidence set forth in his [earlier filed] Motion for Summary Judgment and Brief in Support thereof (Tab #16), as well as his Reply in Support of his Motion for Summary Judgment (Tab #26). Plaintiff Donald W. Whitehead has filed a response thereto (Tab #45) incorporating therein previous filed pleadings (Tabs #22, #8, #37, #44, and #28).

### FACTUAL BACKGROUND

Plaintiff Whitehead complains that he injured his knee on or about October 20, 2006, while incarcerated at Men's State Prison in Hardwick, Georgia. He alleges that he was taken to the Oconee Regional Medical Center where he was seen by emergency room physician Dr. Salvatore J. Dellacona. Plaintiff was found to have a fractured left patella (knee cap). He alleges that he was returned to prison without treatment and contends that upon his return to prison, defendant Dr. Burnside denied him pain medication, leaving him in excruciating pain in his entire left leg. He further avers that Dr. Burnside refused to see him, leaving him "in constant pain unable to move from his bed in his dorm even for meals." Plaintiff contends that Dr. Burnside was deliberately indifferent to his serious medical needs; he also alleges in a pendent state claim that Dr. Burnside was negligent in his failure to treat his medical condition, committing medical malpractice. In support of his claim, plaintiff Whitehead has attached the Declaration of Dr. William S. Thompson which was subsequently supplemented. Tab #20, Exhibit C.

Dr. Burnside denies plaintiff's allegations, showing that he neither refused to assist plaintiff in receiving medical treatment nor to properly care for plaintiff's medical needs. He has attached to his Motion for Summary Judgment the affidavits of Dr. Salvatore J. Dellacona and Dr. Clarence Fossier, as well as his own affidavit. In addition, he has presented medical records from the Oconee Regional Medical Center and Men's State Prison pertaining to plaintiff Whitehead's treatment.

## LEGAL STANDARDS

### SUMMARY JUDGMENT

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
> > *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
> >
> > > *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
> > >
> > > *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
> > >
> > > *(C) the movant may file a reply within 14 days after the response is served.*
> >
> > *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). " If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202(1986).[1]

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

## A. DELIBERATE INDIFFERENCE

In order to establish a claim of deliberate indifference to a serious risk of harm, a plaintiff must satisfy a two-step process. "First, under the 'objective component,' a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing *Hudson v. Macmillian*, 503 U.S. 1, 8 (1992)). Secondly, "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 114 S. Ct. 1970, 1979 (1994). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* "Thus, to survive summary judgment on his section 1983, Eighth Amendment claim, [the plaintiff is] required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

## B. MEDICAL TREATMENT OF PRISONERS

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle*, 97 S.Ct. at 293.

Delay in access to medical attention can violate the Eighth Amendment when it is tantamount to unnecessary and wanton infliction of pain. Cases stating a constitutional claim for immediate or emergency medical attention have concerned medical needs that are obvious even to lay persons because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem. The seriousness of an inmate's medical needs may be decided by reference to the effect of the delay in treatment. Where the delay results

in an inmate's suffering a life-long handicap or permanent loss, the medical need is considered serious. In order to succeed, an inmate who complains that delay in medical treatment rose to a constitutional violation must place <u>verifying medical evidence in the record</u> to establish the detrimental effect of delay in medical treatment. Further, the tolerable length of the delay in providing medical attention depends on the nature of the medical need and the reason for the delay. Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay. *Hill v. Dekalb R.Y.D.C.*, 40 F.3d 1176 (11th Cir. 1994) (Emphasis added).

## DISCUSSION

In determining whether defendant Burnside has met the initial burden required in cases wherein a motion seeking summary judgment has been filed, the undersigned has carefully reviewed the medical evidence presented on his behalf and finds that this burden has been met. As noted above, once this burden has been met, it is incumbent upon the non-moving party, plaintiff Whitehead, to establish by going beyond the pleadings that there are genuine issues of material fact to be resolved by a fact-finder. In this case, he is required to present verifying medical evidence to create a genuine material fact. In the view of the undersigned, he has failed to do so.

Plaintiff Whitehead relies on the Declaration of Dr. Thompson, as supplemented (Tab #20, Exhibit C), to establish that genuine issues of material fact exist in this proceeding. However, the undersigned has this day granted the motion of defendant Burnside to strike certain language from Dr. Thompson's [original] Declaration. With the striking of this language and other language found by the court to be beyond the knowledge of the affiant, that Declaration is insufficient to create genuine issues of fact. *See* Tab #46 above.

Plaintiff's Supplemental Declaration from Dr. Thompson is at odds with the affidavits of the emergency room physician who <u>actually</u> <u>treated</u> plaintiff on the evening of October 20, 2006, and the orthopedist who <u>actually</u> <u>performed</u> <u>surgery</u> on plaintiff's knee on November 7, 2006, <u>(neither of whom is a party to this lawsuit)</u>, ***only*** to the extent that Dr. Thompson speaks in terms of the "normal procedure" employed in emergency rooms and by orthopedists.

Dr. Salvatore J. Dellacona, the emergency room physician who initially treated plaintiff Whitehead, has refuted erroneous factual statements by Dr. Thompson in his [original] Declaration resulting in the striking of certain language therein. He clearly states that plaintiff Whitehead's "condition did not warrant immediate orthopedic consultation or surgical intervention . . .." He reached this conclusion not only by personally examining and treating plaintiff Whitehead, but also by consulting another physician, Dr. Steven P. Niergarth, to verify that no immediate surgery was required. Affidavit of Dr. Dellacona, Tab #16, Exhibit A, ¶7.

Dr. Clarence Fossier, an orthopedic surgeon who has been performing orthopedic surgeries since 1971, supports Dr. Dellacona's opinion that plaintiff's "fractured patella did not require emergency surgery." He further opines that plaintiff's medical condition was managed according to the standard of care practiced by other skilled medical professionals under like circumstances and similar conditions." Affidavit of Dr. Fossier, Tab #16, Exhibit C, ¶¶ 3, 7, and 8.

Significantly, plaintiff Whitehead has presented no opinion <u>by</u> <u>an</u> <u>orthopedist</u> in support of his contention that immediate surgery on his knee was required. Dr. Thompson claims to be actively engaged in the practice of emergency medicine— he is not an orthopedist. Plaintiff's Personal Statement is insufficient to overcome the medical opinions under oath expressed by Drs. Burnside, Dr. Dellacona, and Dr. Fossier. To be sure, plaintiff suffered a serious, though not life-threatening, injury to his left knee, but, according to credible medical evidence, this injury was properly treated in a timely fashion by all medical personnel involved. Dr. Burnside appropriately scheduled an orthopedic consultation with Dr. Fossier within a reasonable period of time, resulting in the scheduling of surgery on plaintiff's knee shortly thereafter; the delay in surgery was minimal. In the meantime, plaintiff was properly treated with pain medication.

Attached to defendant Burnside's motion seeking summary judgment is a Statement of Material Facts Not in Dispute. Tab #16. The undersigned finds the facts herein to be as set forth in this Statement. The undersigned also finds that Dr. Edward H. Burnside was at no time deliberately indifferent to the medical needs, serious or otherwise, of plaintiff Donald W. Whitehead, and that defendant Burnside exhibited no negligence in the medical care and treatment of plaintiff Whitehead which constitute medical malpractice. Accordingly, **IT IS RECOMMENDED** that defendant's Motion for Summary Judgment be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 9th day of MARCH, 2010.



        CLAUDE W. HICKS, JR.
        UNITED STATES MAGISTRATE JUDGE